IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

|  |  |
|---|---|
| IN RE: | Chapter 11 |
|  | Case No. 10-18337 RAG |
| GEORGE T. MORAN, INC., |  |
| Debtor. |  |
|  |  |
| GEORGE T. MORAN, INC. |  |
| Plaintiff, |  |
| v. | Adversary No. 10-00296 |
| THE MIKE EGAN INSURANCE AGENCY, INC. | JURY TRIAL DEMANDED |
| Defendant. |  |

ANSWER TO COMPLAINT
TO RECOVER PREFERENTIAL TRANSFER

Pursuant to Fed. R. Bankr. P. 7008, defendant The Mike Egan Insurance Agency, Inc. ("Egan Insurance"), by its undersigned attorneys, answers the complaint as follows:

THE PARTIES

The first, unnumbered paragraph of the complaint consists exclusively of legal argument and assertions of law, which Egan Insurance need neither admit nor deny.

Egan Insurance admits the allegations in the body of the text of the second, unnumbered paragraph of the complaint. Egan Insurance, however, denies the allegations in footnote 1 of the complaint.

07207/0/00747435.WPDv1

## JURISDICTION

The third, unnumbered paragraph of the complaint consists exclusively of legal argument and assertions of law, which Egan Insurance need neither admit nor deny; however, to the extent that an answer may be deemed to be required, Egan Insurance that this is a core proceeding.

## ALLEGATIONS

1. Egan Insurance admits the allegations of paragraph 1.

2. Egan Insurance denies the allegations of paragraph 2.

3. Egan Insurance denies the allegations of paragraph 3.

4. Egan Insurance currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Egan Insurance denies the allegations of paragraph 5.

6. Egan Insurance denies the allegations of paragraph 6.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Egan Insurance reserves the right to raise such other and further defenses as may become appropriate in the course of these proceedings.

## FIRST AFFIRMATIVE DEFENSE

Any transfer was intended by the debtor and Egan Insurance to be a contemporaneous exchange for new value given to the debtor and was in fact a substantially contemporaneous exchange.

### SECOND AFFIRMATIVE DEFENSE

Any transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and Egan Insurance and was made in the ordinary course of business of financial affairs of the debtor and Egan Insurance or was made according to ordinary business terms.

### THIRD AFFIRMATIVE DEFENSE

Any transfer was to or for the benefit of Egan Insurance, to the extent that, after such transfer, Egan Insurance gave new value to or for the benefit of the debtor that was not secured by an otherwise unavoidable security interest and on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of Egan Insurance.

### FOURTH AFFIRMATIVE DEFENSE

The applicable statutes of limitations may bar the debtor"s claims in whole or in part.

### FIFTH AFFIRMATIVE DEFENSE

The debtor may be estopped to recover some or all of the damages demanded in their complaint.

### SIXTH AFFIRMATIVE DEFENSE

The debtor may have waived the right to recover some or all of the damages in the complaint.

### SEVENTH AFFIRMATIVE DEFENSE

The debtor's unclean hands may bar its right to recover some or all of the damages in the complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Egan Insurance reserves the right to raise such other and further affirmative defenses as may become appropriate in the further course of these proceedings.

/s/ Kevin F. Arthur
Kevin F. Arthur, Federal Bar No. 05530
Brian S. Southard, Federal Bar No. 27661
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
karthur@kg-law.com
bsouthard@kg-law.com
Telephone: 410-752-6030
Facsimile: 410-539-1269

Attorneys for Defendant The Mike Egan insurance Agency, Inc.

Dated: June 14, 2010.

07207/0/00747435.WPDv1